IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CR-41-FL

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| VINCENT EDWARD NORTHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE # 23). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R") wherein he recommends that the court grant defendant's motion to suppress. The government timely filed objection to the M&R, and defendant did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and grants defendant's motion to suppress.

**BACKGROUND**

Defendant was indicted on March 22, 2011, on charges of possession of a firearm and ammunition by a convicted felon on or about June 6, 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and possession of a firearm and ammunition by a convicted felon on or about October 10, 2010, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On August 5, 2011, defendant filed the instant motion to suppress. The suppression motion seeks to suppress all evidence taken during and derivative from a search of a vehicle that occurred June 6, 2010.

The magistrate judge conducted an evidentiary hearing on September 12, 2011. At hearing, the government presented the testimony of two deputies with the Onslow County Sheriff's Office who were involved in the events in question: Captain Jason Daughtry ("Daughtry") and Deputy Larry Johnson ("Johnson"). At hearing, the court admitted as exhibits two photographs depicting a grass covered traffic median offered by the government without objection by defendant. The court also considered, without objection from the government, two exhibits offered by defendant, the first being a June 6, 2010, Incident/Investigation Report by Daughtry, and the second was a 2011 letter from Daughtry to Special Agent Christopher Speer of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The parties' were granted leave to file, and did file, supplemental memoranda after the hearing which the magistrate judge considered in his determinations as outlined in the M&R.

## STATEMENT OF THE FACTS

The magistrate judge engaged in lengthy description of the testimony of Daughtry and Johnson. (See M&R 2-7.) The government has lodged specific factual objections to the facts as laid out in the M&R, with specific citations to the hearing transcript. The government seeks to supplement the facts as laid out in the M&R, or, in the alternative, asks the court to receive further evidence.

With benefit of the transcript of the evidentiary hearing, the court has closely reviewed each of the government's factual objections. Finding each of the government's factual objections to be supported by the testimony in the record, the factual objections are allowed, and objections (a) through (t) as outlined in the government's filing are hereby supplemented to the magistrate judge's recitation of the facts in the M&R, which recitation is also incorporated by reference and adopted

2

by the court in addition to the government's supplements herein noted.[1] As described in detail below, however, the supplements to the factual findings in the M&R do not affect the court's adoption of the M&R and its conclusion with regard to defendant's motion to suppress.

## DISCUSSION

A.    Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

The relevant law as it relates to Terry stops is not disputed by the parties, however, the court briefly restates the applicable legal principles here. The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. Amend. IV. In Terry v. Ohio, the Supreme Court held that an officer may, consistent with the Fourth Amendment,

---

[1] Having supplemented the facts as requested by the government, the court finds it unnecessary to reopen the record for the introduction of additional evidence. Additionally, the court notes that while it supplements the record with the facts as noted in the government's objections, facts described in objection (a) were referred to in the M&R. (See M&R 12-13). The court also makes note of the minor factual discrepancy in the M&R noted by the government. While the M&R noted that the defendant denied driving the vehicle and that he was home all night, the government is correct that the testimony at hearing does not support this conclusion. Upon review of the record and the magistrate judge's findings, however, the court finds the discrepancy to be minor at best and the same does not affect the court's conclusions.

conduct a "brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is underfoot." Illinois v. Wardlaw, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). Whether reasonable suspicion exists to justify the stop depends on the "totality of the circumstances, including information known to the officers and any reasonable inferences to be drawn at the time of the stop." United States v. Williams, No. 11-4414, 2011 WL 4866760 at *1 (4th Cir. 2011) (unpublished); United States v. Washington, 2011 WL 6226266 *1 (4th Cir. 2011) (citing United States v. Sokolow, 490 U.S. 1, 8 (1989)). Reasonable suspicion is an objective test. The court considers the facts as they were known to the officer, not the officer's subjective beliefs. United States v. Foreman, 369 F.3d 776, 781 (4th Cir. 2004). Reasonable suspicion must exist at the time of the stop, not after the fact. United States v. Ienco, 182 F.3d 517, 524 (7th Cir. 1999).

The magistrate judge also noted that in assessing the credibility of witnesses, trial courts consider "variations in demeanor and tone of voice," Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985), as well as documents and objective evidence that may contradict a witness's testimony or reveal inconsistencies. Id.; see also United States v. Marcavage, 609 F.3d 264, 281 (3d Cir. 2010).

Additionally, a reviewing court must take a deferential standard regarding the credibility of witnesses where the magistrate judge sits as a trier of fact. See McNairn v. Sullivan, 929 F.2d 974, 977 n. 3 (4th Cir.1991); United States v. MacConnell, 2010 WL 3399166, *2 (W.D.N.C. 2010); United States v. Brooks, 2006 WL 695079 at *1 (W.D.N.C. 2006). Some courts have explicitly adopted a deferential standard of review for credibility determinations when the magistrate judge heard the live testimony and observed the demeanor of the witnesses. See, e.g., United States v. Gibbs, 421 F.3d 352, 357 (5th Cir.2005) ("In [making a de novo determination], the district court

4

need not re-hear testimony from the suppression hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record.").

B.     Analysis

While the government titles its substantive objections as legal objections, a review of its brief reveals that the government's objections are primarily factual in nature and the premise underlying them is that the magistrate judge incorrectly assessed Daughtry's credibility. As noted in the government's objection, "[I]t is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008). The court agrees with the magistrate judge's findings of witness credibility with regard to Daughtry. The magistrate judge presided over the evidentiary hearing and was in the best position to make determinations regarding credibility. Furthermore, the undersigned has reviewed the record, particularly witness testimony, and finds the magistrate judge's findings of credibility to be consistent with the evidence in the record.

As an initial matter, the government does not object to the observation made in the M&R regarding the import of Daughtry's testimony and why it is so crucial to the issues here. These include the fact that Johnson did not arrive at the scene of the contested stop until "most, if not all, the events bearing directly on reasonable suspicion had occurred." (M&R 12.) Thus, Daughtry was the only officer at the scene when most of the critical events at issue occurred, and his testimony was crucial to the establishment by a preponderance of the evidence that a reasonable suspicion existed to stop defendant. The government attempts to bolster Daughtry's testimony with some corroborating points from Johnson's testimony, which the magistrate judge acknowledged. (M&R 19.) What is ultimately lacking, however, is a convincing argument for Daughtry's credibility.

5

The government attempts to point our various portions of Daughtry's testimony to argue that the testimony was not considered by the magistrate judge and that the credibility determination was unreasonable. The court finds these conclusions to be without merit. As to Daughtry's observation that the car he saw strike the median was "dark in color," the magistrate noted that same observation and found it to be inconsistent with Daughtry's conclusion that the car in question was actually silver. (M&R 12-13.) Daughtry himself noted that his observation was not accurate (Tr. 39:4-6), and the government fails to make a convincing argument as to why the magistrate judge's determination that "dark" is not an accurate way to describe the color silver is "unreasonable."

The government also notes that "[t]he M&R overlooks several uncontradicted facts" that it contends support Daughtry's reasonable suspicion that the car next to defendant was the same one Daughtry saw hit a median. However, upon review it appears that the magistrate judge did consider the facts cited by the government; the magistrate judge simply did not credit Daughtry's descriptions or inferences from the objective facts of the scene for various reasons, explained in detail in the M&R. (See M&R 13-16.) For instance, the magistrate judge noted Daughtry's observations about the heat of the car and the condition of the hood (M&R 14) and the erratic actions of defendant (Id. 14-15). The government simply does not agree with the magistrate judge's conclusions regarding these facts in light of Daughtry's testimony, including the magistrate judge's expression of doubt that Daughtry would check the Oldsmobile for front end damage if he truly believed the Nissan was the car in the accident (M&R 14), or the inconsistency that Daughtry did not mention the front-end damage in his incident report, or the fact that Daughtry did not question defendant regarding the Circle K incident if he suspected defendant of being involved (M&R 15). Instead, the government asks the court to rely on factual evidence considered by the magistrate judge but to give the same

6

evidence greater weight than the magistrate judge did, disregarding significant weaknesses in Daughtry's testimony. The court declines to do so.

The government dismisses the magistrate judge's observation of the inconsistency that Daughtry noted the defendant's strange behavior yet failed to conduct a sobriety test, with a suggestion that Daughtry was not required to conduct a sobriety test. Be that as it may, the government's comment does not explain Daughtry's inexplicable failure to ask defendant if he was under the influence of alcohol or drugs when one of Daughtry's stated reasons for stopping defendant was to determine if he had been driving under the influence. This is especially notable under the relevant case for Terry stops. The government argues *now* that Daughtry's observations of defendant's erratic behavior could support a reasonable suspicion of being intoxicated or high, but Daughtry's actions at the time, failing to conduct a sobriety test or even asking defendant if he was under the influence, do not reflect this same concern. The court must evaluate the evidence as it appeared objectively to the officer at the time of the search, not subjectively, or with the benefit of hindsight. See Foreman, 369 F.3d at 781.

Lastly, the government places much emphasis on the testimony of Johnson and how it corroborates portions of Daughtry's testimony. Johnson's testimony was not subject to the same credibility pitfalls as Daughtry's. Yet the magistrate judge noted that portions of Johnson's testimony corroborated Daughtry's (M&R 19). The government fails to show how Johnson's testimony resolves the issues the magistrate judge found with Daughtry's credibility. The government also fails to resolves discrepancies, though minor, in Daughtry's and Johnson's

testimony (M&R 17), and instead only highlights where their testimony corroborates. Also notably, the government fails to articulate an explanation for the various inconsistencies between Daughtry's testimony, his report, and the ATF letter.

Taken as a whole, the court finds the conclusions of the magistrate judge to be supported by the evidence of record. The M&R reflects that the magistrate engaged in a careful analysis of the hearing testimony and written documents offered into the record. Particularly, the magistrate judge carefully evaluated Daughtry's credibility - noting inconsistencies in some statements he made at the evidentiary hearing and noting other inconsistencies between his hearing testimony, his report, and the ATF letter. While the government attempts to bolster his credibility by pointing out corroborating statements by Johnson, Johnson's corroboration does not explain the inconsistencies noted above. As such, the court agrees with the magistrate judge that Daughtry is not a credible witness, and thus that his testimony regarding the events of June 6, 2010, is not reliable. Daughtry's testimony was a critical factor in the government's effort to show by a preponderance of the evidence that a reasonable suspicion existed for the stop, and the problems of his credibility ultimately result in the government failing to meet its burden that a reasonable suspicion existed. Defendant's motion to suppress is thus allowed.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the

magistrate judge in full, and GRANTS defendant's motion to suppress (DE # 23). Evidence obtained as a result of the stop of defendant is to be excluded from use at trial in the government's case in chief.

SO ORDERED, this the 31st day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge